PEOPLE v ANDERSON

Docket No. 51647. Submitted April 20, 1981, at Detroit.—Decided
    June 4, 1981.
    Kenneth M. Anderson was convicted, on his pleas of guilty, of
        first-degree criminal sexual conduct and felony-firearm in De-
        troit Recorder's Court, Clarice Jobes, J. The defendant was
        sentenced based on the facts elicited at the plea proceeding and
        a presentence report that had been prepared approximately
        four months previously when the defendant had been convicted
        by a jury on a separate charge of first-degree criminal sexual
        conduct. The defendant appeals, alleging that the court erred
        in relying on the previous presentence report. *Held:*
        The trial court erred in using the previous presentence
    report in imposing sentence on the current charges because, as
    the presentence report was prepared for another conviction, it
    did not contain either an objective description of the offense or
    the offender's description of the current offense and the circum-
    stances surrounding it. The sentence imposed, therefore, failed
    to meet the requirement that the sentence be tailored to the
    particular circumstances of the case. A defendant is entitled to
    be sentenced on the basis of a presentence report that is
    prepared especially for the offense for which he is being sen-
    tenced.
        Remanded with instructions.

1. CRIMINAL LAW — PRESENTENCE REPORTS — STATUTES.
    A probation officer must prepare a presentence report for any
    person convicted of a felony; the officer is required to inquire
    into the antecedents, character, and circumstances of each
    person so convicted (MCL 771.14; MSA 28.1144).

2. CRIMINAL LAW — PRESENTENCE REPORTS.
    A presentence report must be prepared for any person convicted
    of a felony even if the prosecutor, defendant and trial court
    agree that it need not be prepared.

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 564, 583.5.

3. CRIMINAL LAW — PRESENTENCE REPORTS.

> A presentence report must include at least: (a) an objective description of the offense, based on all the relevant information acquired by the probation agent during the presentence investigation; (b) the offender's description of the current offense and the circumstances surrounding it; (c) a full description of the prior criminal convictions and juvenile dispositions of the offender; (d) a description and status of all criminal charges pending against the offender at the time of the presentence investigation; and (e) a personal profile of the offender.

4. CRIMINAL LAW — PRESENTENCE REPORTS — PREVIOUS REPORTS.

> A trial judge's reliance on a previous presentence report prepared for a prior conviction of a defendant in sentencing the defendant on a current charge does not permit the sentencing judge to examine the particular circumstances of the current case.

5. CRIMINAL LAW — PRESENTENCE REPORTS.

> A reasonably updated presentence report is necessary in resentencing a defendant since it is important to consider a defendant's conduct in prison as that conduct would be likely to shed considerable light on the prospect of a defendant's rehabilitative potential.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Joseph W. Koch,* Assistant Prosecuting Attorney, for the people.

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. On January 10, 1980, defendant pled guilty to first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and carrying a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to 25 to 50 years imprisonment on the criminal sexual conduct charge and to an additional mandatory

two-year consecutive sentence on the felony-fire-arm count. Defendant appeals as of right.

Defendant's sentence was based on the facts elicited at the plea proceeding and a presentence report that had been prepared approximately four months before sentencing when defendant had been convicted by a jury on a separate charge of first-degree criminal sexual conduct. The trial court indicated that the earlier presentence report was "recent enough to be used", and the defense attorney concurred. Defendant now argues that it was improper to rely on the presentence report that had been prepared for the earlier offense. We agree.

By statute, a probation officer must prepare a presentence report for any person convicted of a felony. MCL 771.14; MSA 28.1144.[1] The officer is required to inquire into the "antecedents, charac-ter, and circumstances' of each person. The Su-preme Court has recognized that accurate presen-tence reports enable sentencing judges to tailor sentences to the particular circumstances of the case as well as to the individual offender. *People v Triplett,* 407 Mich 510, 515; 287 NW2d 165 (1980), *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). In addition, a report must be prepared even if the prosecutor, defendant and trial court agree that it need not be prepared. *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974).

The Department of Corrections has promulgated rules that require a probation officer to prepare a presentence report for any person charged with a felony. That report is required to include the following information at the least:

---

[1] MCL 771.14; MSA 28.1144 provides in pertinent part:
"Sec. 14. Before sentencing any person charged with a felony * * * the probation officer shall inquire into the antecedents, character, and circumstances of the person * * * and shall report in writing to the court * * *."

"(a) *An objective description of the offense, based on all the relevant information acquired by the probation agent during the presentence investigation.*

"(b) *The offender's description of the current offense and the circumstances surrounding it.*

"(c) A full description of the prior criminal convictions and juvenile dispositions of the offender.

"(d) A description and status of all criminal charges pending against the offender at the time of the presentence investigation.

"(e) A personal profile of the offender * * *." 1977 AACS R 791.9910(1), quoted in *People v Books,* 95 Mich App 500, 504-505, fn 5; 291 NW2d 94 (1980). (Emphasis added.)

In the case at bar, the trial court elected to rely upon a presentence report that had been prepared four months earlier for another offense. As the presentence report was prepared for another conviction, it did not contain either an objective description of the offense or the offender's description of the current offense and the circumstances surrounding it. The sentence imposed, therefore, failed to meet the requirement that the sentence be tailored to the particular circumstances of the case.

We hold that relying on the presentence report for a prior conviction does not permit the sentencing judge to examine the particular circumstances of the case. Here, where the defendant pled guilty, the trial judge was clearly unaware of many of the details of the particular circumstances, so it was particularly important that she have the benefit of an updated presentence report.

In *People v Perez,* 103 Mich App 636; 303 NW2d 49 (1981), a panel of this Court remanded the cause for resentencing based on the sentencing court's failure to respond to defense counsel's indication that there were factual inaccuracies in the presentence report. Apparently defense counsel

informed the sentencing court that the factual allegations concerning the actual offense contained in the presentence report differed from both the defendant's version of what actually happened and the prosecutor's version of what actually happened. The dispute, therefore, was over how the actual offense was accomplished. In remanding to the trial court for consideration of the claimed inaccuracies, the Court noted that "the manner and circumstances under which an offense is committed may well influence the degree of the sentence imposed". *Perez, supra,* 638.

We believe the infirmity in the instant case is even more serious than that in *Perez* since, in this case, the report relied upon was completely devoid of the facts and circumstances surrounding the offense for which defendant was being sentenced. As in *Perez,* the inclusion of such information in the report would greatly aid the sentencing judge in reaching a fair and just sentencing determination.

Defendant also argues that an updated presentence report was needed where there was a nearly four-month gap between the preparation of the presentence report and the actual sentencing date. The Supreme Court has recently recognized that a *reasonably* updated presentence report is necessary in resentencing a defendant. *People v Triplett, supra,* 511. In reaching this decision, the Court noted that it was important to consider the defendant's conduct in prison, as that conduct would be likely to shed considerable light on the prospect of a defendant's rehabilitative potential. *People v Triplett, supra,* 516. We note that the sentencing judge in the instant case did not have the benefit of any information regarding the defendant's conduct in prison. Without reaching the

question of whether a four-month gap between the preparation of the original presentence report and sentencing comports with the reasonableness requirement of *Triplett,* we hold that a defendant is entitled to be sentenced on the basis of a presentence report that is prepared especially for the offense for which he is being sentenced. We observe that a different result was reached in *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973). We believe, however, that the *Potts* holding is inconsistent with the Supreme Court's recognition that a sentence must be tailored to the particular circumstances of the offense.

Remanded for preparation of a presentence report and resentencing.

We retain no futher jurisdiction.