PEOPLE v McKEEVER

Docket No. 62161. Submitted October 21, 1982, at Detroit.—Decided
    February 25, 1983. Leave to appeal denied, 417 Mich 1100.9.

    Solomon McKeever was found guilty, in a bench trial, of second-
    degree murder and felony-firearm, but mentally ill, Recorder's
    Court of Detroit, Joseph A. Gillis, J. Defendant appeals, alleg-
    ing that the trial court's findings of fact did not adequately
    explain the rejection of defendant's insanity defense, that he
    was denied effective assistance of counsel, that evidence of a
    prior conviction was improperly admitted, and that the court
    erred in using a five-month-old presentence report that had
    been prepared for another offense. *Held:*

        1. The trial court's findings do not reveal the reasoning
    employed by the court in concluding that the defendant's
    insanity defense should be rejected. The lack of specificity in
    the record requires a remand for additional factfinding on the
    present record.

        2. Defense counsel's performance satisfied both parts of the
    two-part test utilized to determine whether a defendant re-
    ceived effective assistance of counsel.

        3. A witness, in cross-examination, alluded to the defendant's
    prior incarceration. The answer was volunteered and was unre-
    sponsive to the question asked. The admission of the reference
    to the defendant's prior criminal record was not cause to grant
    a mistrial and does not require reversal.

        4. Use of the out-dated presentence report, prepared for a

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial § 1250 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 74, 76.
    Modern status of rules as to burden and sufficiency of proof of
        mental irresponsibility in criminal cases. 17 ALR3d 146.
[3] 21A Am Jur 2d, Criminal Law § 984 *et seq.*
    Modern status of rules and standards in state courts as to adequacy
        of defense counsel's representation of criminal client. 2 ALR4th
        27.
[4] 21A Am Jur 2d, Criminal Law § 942.
    81 Am Jur 2d, Witnesses § 582.
[5] 21 Am Jur 2d, Criminal Law §§ 527, 528.

separate offense, was error. Defendant is entitled to be sentenced based on an up-to-date report prepared especially for the offense for which he is being sentenced. The defendant is to be resentenced based upon such a report.

Remanded for further proceedings.

1. TRIAL — BENCH TRIALS — CRIMINAL LAW — FINDINGS OF FACTS.

The court rule which requires that a judge who presides over a bench trial must find the facts specially and state separately his conclusions of law applies to both civil and criminal cases; in order to aid appellate review the findings must cover the trial court's steps with the degree of specificity necessary to disclose the basis for each critical determination (GCR 1963, 517.1).

2. CRIMINAL LAW — INSANITY — BURDEN OF PROOF.

A criminal defendant is presumed to be sane; however, once any evidence is presented to suggest otherwise, the burden is on the prosecution to prove the defendant's sanity beyond a reasonable doubt.

3. ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL — CRIMINAL LAW.

A two-part test is employed in determining whether a criminal defendant was denied effective assistance of counsel: first, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations; second, whether defense counsel committed a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

4. CRIMINAL LAW — EVIDENCE — DEFENDANT'S CRIMINAL RECORD — UNRESPONSIVE ANSWERS.

Evidence of a defendant's criminal record is inadmissible until such time as the defendant takes the witness stand and raises the issue of his character or credibility; however, an unresponsive, volunteered answer to a proper question is not cause for granting a mistrial simply because the defendant's criminal record is mentioned in that answer.

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A defendant may not be sentenced on the basis of a presentence report that is not reasonably up to date and prepared especially for the offense for which he is being sentenced.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Nancy R. Alberts,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. The facts in this case are not in dispute. On June 6, 1981, the defendant came to the door of Webb Wood's house asking the whereabouts of Wood's daughter. When he learned that she was not in the house, defendant shot at Wood three times, hitting him twice. Wood died of these injuries.

The defendant relied upon an insanity defense in his bench trial. At the close of trial, the court found the defendant to be guilty of second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2), but mentally ill. Sentenced to from 15 to 40 years for second-degree murder and 5 years for felony-firearm, defendant appeals by right.

Defendant raises several claims on appeal which we discuss *seriatim.*

Defendant first contends that the trial court's findings of fact do not adequately explain the court's rejection of defendant's insanity defense. GCR 1963, 517.1 provides in pertinent part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judg-

ment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein."

This court rule applies to criminal as well as civil cases. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). The purpose of these special findings of fact in bench trials is to aid appellate review. *People v Robert Jackson,* 63 Mich App 249; 234 NW2d 471 (1975), *lv den* 395 Mich 825 (1976). Consequently, "the required findings must cover the trial court's steps with the degree of specificity necessary to disclose the basis for each critical determination". *People v Robert Jackson, supra,* p 254. Such specificity is lacking in the present case.

The trial court's only allusion to defendant's insanity defense is contained in the following passage: "[T]he testimony of the three psychologists indicate *[sic]* that he [the defendant] was mentally ill * * *". A criminal defendant is presumed sane. However, "once any evidence is presented to suggest otherwise, the burden of proof rests on the prosecution to prove a defendant's sanity beyond a reasonable doubt", *People v Philpot,* 98 Mich App 257, 263; 296 NW2d 229 (1980) (D. C. Riley, J., *concurring in part).* In rejecting defendant's insanity defense, the trial court must have concluded either that the defendant had not rebutted the presumption of sanity or that the prosecutor had proved defendant's sanity beyond a reasonable doubt. The findings of fact, however, do not disclose the path the trial court traveled to its conclusion. Therefore, we must remand for additional factfinding on the record already made.

Defendant next argues that his attorney so

poorly prepared and presented defendant's insanity defense that he was denied effective assistance of counsel. Michigan courts apply a two-part test to ineffective assistance of counsel claims. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). In the first part, a reviewing court measures defense counsel's performance against the standard of competency announced in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974):

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

The second prong of the test considers whether defense counsel made a "serious mistake" and, if so, whether "but for this mistake defendant would have had a reasonably likely chance of acquittal". *People v Garcia, supra,* p 266.

Defense counsel's performance developing his client's insanity defense satisfies both parts of the test. He put on two witnesses who testified that defendant was insane or nearly insane. Another defense witness recounted examples of defendant's bizarre behavior. In addition, defense counsel succeeded in diminishing the credibility of the prosecution's expert witness. In light of these efforts, we cannot say that defendant's attorney failed to measure up to the *Beasley* standard.

Nor do we find that defense counsel made a serious mistake in his preparation of the insanity defense. Defendant complains that his lawyer should have acquired an independent psychiatric evaluation of defendant's mental condition. The results of such an evaluation may have further supported defendant's defense; however, we decline

to hold that "but for this mistake defendant would have had a reasonably likely chance of acquittal".

Third, defendant argues that the introduction of evidence of his prior conviction requires reversal. Because defendant did not object to this evidence at trial, appellate review is barred absent manifest injustice. *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981). Evidence of a defendant's criminal record is inadmissible "until such time as the defendant takes the witness stand and raises the issue of his character or credibility". *People v Stinson,* 113 Mich App 719, 726-727; 318 NW2d 513 (1982). Nevertheless, "an unresponsive, volunteered answer to a proper question is not cause for granting a mistrial". *Id.,* 727.

Defendant did not testify and place his character or credibility in issue. Evidence of his criminal record emerged, however, in the prosecutor's cross-examination of defendant's brother, called as a defense witness:

"*Q.* Was he employed—When was he last employed, to your knowledge?"

"*A.* To my knowledge, the place he was employed was at Budd Wheel.

"*Q.* How long ago?

"*A.* I would say, it had to be three years prior to the time he got in trouble.

"*Q.* Three years prior to this last summer?

"*A.* Yes, that's right, it had to be three years prior to last summer because he was up for some time in Jackson prior to that time on violation of parole.

The witness's answer was volunteered and unresponsive. It explained how he remembered the date of defendant's last employment. The prosecutor, however, had not challenged the witness's memory. Therefore, the admission of evidence of

defendant's criminal record was not cause to grant a mistrial and does not require reversal. Moreover, we cannot accept defendant's claim that his counsel's failure to move for mistrial following the testimony excerpted above constitutes ineffective assistance of counsel. The testimony was so obviously volunteered and unresponsive that a competent lawyer could have decided to forego a motion for mistrial. Furthermore, it is likely that such a motion would have failed.

Finally, defendant asserts that we must remand his case for resentencing because the sentencing court used a five-month-old presentence report prepared for another offense. We agree. In *People v Triplett,* 407 Mich 510, 515; 287 NW2d 165 (1980), the Supreme Court announced that "a reasonably updated presentence report must be utilized in sentencing for felonies * * *". An accurate, reliable and complete presentence report, the Court found, is necessary to effectuate our society's goal of individualized sentencing:

"In *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973), this Court emphasized its commitment to the principles that criminal punishment must fit the offender rather than the offense alone and that sound discretion must be exercised in sentencing matters. We stated:
" *'The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential.* While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. *A judge needs complete information to set a proper individualized sentence.'* (Emphasis supplied.) [Citations omitted.]

"To effectuate these goals, it is patent that sentencing inquiries must not be undertaken in a vacuum. Rather such inquiries must be guided by complete and detailed information regarding the offender if the sentence prescribed is to fulfill society's dual goals of rehabilitation and protection. See *Williams v New York,* 337 US 241, 247; 69 S Ct 1079; 93 L Ed 1337 (1949).

"The presentence report is a vital and necessary component of this effort to prescribe informed, individualized punishment in felony matters. *People v Lee,* 391 Mich 618, 631-639; 218 NW2d 655 (1974). See generally Case Note, *Criminal Procedure—Accuracy of Presentence Reports,* 22 Wayne L Rev 899 (1976). Indeed, unlike its discretionary predecessor, 1927 PA 175, ch XI, § 14, the present act mandates that '[b]efore sentencing any person charged with a felony, * * * the probation officer *shall* inquire into the antecedents, character and circumstances of such person or persons, and *shall* report thereon in writing to such court or magistrate'. (Emphasis supplied.) MCL 771.14; MSA 28.1144. See generally *McFarlin, supra,* 567-571. In *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974), this Court explicitly recognized the critical importance of such a document in our holding that sentence may not be pronounced without the aid of a presentence report. It was further held that such a report may not be waived 'even if the prosecutor, judge and defendant deemed it expedient in a particular case' to do so. *Id.,* 181. Our case law and statutory pronouncements therefore clearly attest to the pivotal significance of both the presentence investigation and report in the development of individualized sentencing determinations." *People v Triplett, supra,* p 513-515.

In the present case, the court sentenced defendant using a five-month-old presentence report prepared for another offense. In *People v Anderson,* 107 Mich App 62, 67; 308 NW2d 662 (1981), this Court held, on remarkably similar facts, that "a defendant is entitled to be sentenced on the basis of a presentence report that is prepared

especially for the offense for which he is being sentenced". The Court found that, without such a report, the sentencing court could not "examine the particular circumstances of the case". *Id.,* 65. The court would not have the benefit of the probation agent's objective description of the offense nor the offender's description of the offense and its surrounding circumstances. In *Anderson,* such information was especially important because the defendant was convicted on a guilty plea. It is equally important in the instant case, even though the defendant was convicted after a trial. Defendant's trial was no substitute for a presentence report prepared specifically for the offense for which he was to be sentenced. Because the defendant did not testify, the trial court did not hear his version of the offense. Nor did the court hear an objective description of the offense prepared with sentencing—rather than guilt—in mind. Indeed, a trial and a presentence report have radically different purposes: the one to ascertain guilt, the other to facilitate individualized sentencing once guilt has been determined. We hold, therefore, that a defendant may not be sentenced on the basis of a presentence report prepared for another offense even though the defendant was convicted after a trial. Accordingly, the defendant in the present case is entitled to resentencing on the basis of a reasonably updated presentence report prepared for the offense for which he is to be sentenced.

Remanded for proceedings consistent with this opinion.