PEOPLE v NIXON (ON REMAND)

Docket No. 70299. Submitted March 24, 1983, at Lansing.—Decided May 17, 1983. Leave to appeal applied for.

Richard M. Nixon was convicted of first-degree murder, Van Buren Circuit Court, Meyer Warshawsky, J. The conviction was affirmed, 114 Mich App 233 (1982). In lieu of granting leave to appeal, the Supreme Court remanded to the Court of Appeals for reconsideration in light of the Supreme Court opinion in *People v Gonzales,* 415 Mich 615 (1982). The issue is whether a new trial is mandated because of the admission in the original trial of posthypnotic testimony of a witness. On remand, *held:*

Posthypnotic testimony of a witness is not admissible because of the defendant's inability to cross-examine the witness due to the lasting effects of the hypnosis.

Reversed and remanded.

CRIMINAL LAW — WITNESSES — HYPNOSIS — POSTHYPNOTIC TESTI-MONY.

The testimony of witnesses which has been obtained posthypnoti-cally is not admissible in a criminal case because of the defendant's inability to cross-examine the witness due to the lasting effects of hypnosis.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Ward S. Hamlin, Jr.,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

ON REMAND

Before: T. M. BURNS, P.J., R. B. BURNS AND M. J. KELLY, JJ.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 831.
Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

M. J. Kelly, J. Defendant, Richard Michael Nixon, was found guilty of two counts of first-degree murder, MCL 750.316; MSA 28.548, and received two concurrent sentences of life imprisonment. Defendant appealed to this Court and we affirmed. See *People v Nixon*, 114 Mich App 233; 318 NW2d 655 (1982). Defendant then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the case for our reconsideration in light of its recent decision in *People v Gonzales*, 415 Mich 615; 329 NW2d 743 (1982), *modified* 417 Mich 968 (1983). See *People v Nixon*, 417 Mich 932; 330 NW2d 855 (1983).

The issue on remand is whether defendant is entitled to a new trial due to the admission of posthypnotic testimony. In our previous decision, we embraced the opinions of this Court in *People v Gonzales*, 108 Mich App 145; 310 NW2d 306 (1981) (prior to its affirmance by the Supreme Court), and *People v Wallach*, 110 Mich App 37; 312 NW2d 387 (1981). We found that although it was error for the trial court to admit posthypnotic testimony the error was harmless beyond a reasonable doubt[1] because of a combination of three factors: first, the witness who was subject to hypnosis was nevertheless unable to definitely state at trial that defendant was the man he saw putting the victim into a truck, second, the jury was allowed to hear tapes of the testimony of the witness taken both before and after hypnosis, and third, the most damaging testimony against defendant was given by defendant's accomplice, Diane Downer.

Under the Court of Appeals decisions in *Gonzales,* and *Wallach,* it was not recognized that a

---

[1] In retrospect the author is critical of his own rationale in finding that the introduction of the hypnotically refreshed testimony, though erroneous, was harmless error.

defendant's right to confront the witnesses called against him[2] would be impaired by allowing posthypnotic testimony into evidence. Indeed, the *Wallach* panel stated that:

"full cross-examination, in which defense counsel can question the previously hypnotized witness concerning the tentativeness of the recollections prior to the hypnosis, will largely alleviate these problems. We would also allow the defendant to introduce expert testimony detailing the inherent possibility that a hypnotized witness might become subjectively certain of events only tentatively recalled or, indeed, recalled inaccurately. At present, however, no jurisdiction has taken the position that the mere fact that a witness has been hypnotized precludes *all* testimony from that witness." *Wallach, supra,* p 73.

The Supreme Court, however, subsequently determined that "to permit posthypnotic testimony would unfairly denigrate the defendant's right to cross-examination". *Gonzales,* 415 Mich 627. The Court concluded that "until the barriers which hypnosis raises to effective cross-examination are somehow overcome, the testimony of witnesses which has been tainted by hypnosis must be excluded in criminal cases". *Gonzales, supra,* p 627.

This holding by the Supreme Court undercuts any possible conclusion that the admission of posthypnotic testimony *in the instant case* was harmless beyond a reasonable doubt. We now conclude that the playing of tapes of prehypnotic and posthypnotic testimony to the jury was not sufficient to satisfy defendant's right to confront the witnesses who testified against him. Although one previously hypnotized witness was "unable to state

[2] Every defendant in a criminal trial is guaranteed the right to confront the witnesses which are called against him under both US Const, Am VI, and Const 1963, art 1, § 20.

that defendant was the man", he testified that defendant looked like the man and that the only difference was that defendant had shorter hair. It is true that the most damaging evidence against defendant was given by an accomplice. It is also true, however, that she had been granted immunity in exchange for her testimony and it can hardly be logically concluded, although I once did, that the hypnotized witness's testimony could be eliminated entirely from the equation.

In light of the Supreme Court's opinion in *Gonzales, supra,* we now find that the erroneous admission of testimony of a previously hypnotized witness was not harmless beyond a reasonable doubt. The inability of defendant to cross-examine the witness due to the lasting effects of hypnosis denied defendant a fair trial. We therefore reverse defendant's two first-degree murder convictions and remand this case for a new trial.

Reversed and remanded.