PEOPLE v WALLACH (ON REMAND)

Docket No. 70478. Submitted April 4, 1983, at Lansing.—Decided September 9, 1983.

John D. Wallach was convicted of first-degree murder, Oakland Circuit Court, Robert L. Templin, J. Defendant appealed, alleging, *inter alia*, that the admission at trial of the testimony of a witness which had been induced by hypnosis was error. The Court of Appeals affirmed, 110 Mich App 37 (1981). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave, vacated the Court of Appeals decision and remanded the case for reconsideration in light of *People v Gonzales,* 415 Mich 615 (1982). 417 Mich 937 (1983). On remand, *held:*

Hypnotically induced testimony is not admissible in criminal cases. The admission of the post-hypnotic testimony in this case was not harmless beyond a reasonable doubt. The conviction must be reversed.

Reversed and remanded.

Criminal Law — Evidence — Hypnosis — Hypnotically Induced Testimony.

Hypnotically induced testimony is not admissible in criminal cases.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol* and *Robert F. Davisson,* Assistants Prosecuting Attorney, for the people.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour),* for defendant on appeal.

References for Points in Headnote
29 Am Jur 2d, Evidence §§ 831, 831.7.
Admissibility of hypnotic evidence at criminal trial. 92 ALR3d 442.

Amicus Curiae:

*Terence R. Flanagan,* Assistant State Appellate Defender, for the State Appellate Defender's Office.

## ON REMAND

Before: CYNAR, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. In an order dated March 29, 1983, the Supreme Court vacated this Court's order affirming defendant's conviction and remanded for reconsideration in light of *People v Gonzales,* 415 Mich 615; 329 NW2d 743 (1982). 417 Mich 937 (1983). In *Gonzales,* the Court held as follows:

"The process of hypnosis is not a reliable means of accurately restoring forgotten incidents or repressed memory, and to permit posthypnotic testimony would unfairly denigrate the defendant's right to cross-examination. Therefore, we hold that until hypnosis gains general acceptance in the fields of medicine and psychiatry as a method by which memories are accurately improved without undue danger of distortion, delusion, or fantasy, and until the barriers which hypnosis raises to effective cross-examination are somehow overcome, the testimony of witnesses which has been tainted by hypnosis must be excluded in criminal cases." 415 Mich 626-627.

The present appeal cannot be distinguished from *Gonzales, supra.* This is a companion case to *Gonzales,* which involves not only the same witness, but in fact the very same hypnosis-induced testimony that was found to have improperly contributed to the conviction in *Gonzales.*

Accordingly, upon reconsideration in light of *Gonzales,* we conclude that the admission of witness Rhonna Burns's post-hypnotic testimony could not have been harmless beyond a reasonable doubt. Accord, *People v Nixon (On Rem),* 125 Mich App 807; 337 NW2d 33 (1983). The conviction is reversed and the matter remanded to the lower court for a new trial.

Reversed and remanded.