PEOPLE v WALLACH (ON SECOND REMAND)

Docket No. 84502. Submitted April 25, 1985, at Lansing.—Decided June 4, 1985.

John D. Wallach was convicted of first-degree murder, Oakland Circuit Court, Robert L. Templin, J. Defendant appealed, alleging, *inter alia,* that the admission at trial of the testimony of a witness which had been induced by hypnosis was error. The Court of Appeals affirmed, 110 Mich App 37 (1981). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave, vacated the Court of Appeals decision and remanded the case for reconsideration in light of *People v Gonzales,* 415 Mich 615 (1982). 417 Mich 937 (1983). On remand, it was held that hypnotically-induced testimony is not admissible in criminal cases and the conviction was reversed. 131 Mich App 539 (1983). The people sought leave to appeal, and the Supreme Court, in lieu of granting leave, remanded to the Court of Appeals, this time for reconsideration in light of *People v Nixon,* 421 Mich 79 (1984). 422 Mich 874 (1985). On remand, *held:*

A witness who has undergone hypnosis may testify in a criminal trial to facts which the witness had recalled and related prior to hypnosis. The admission into evidence of post-hypnotic testimony was harmless error in this case where the witness's pre-hypnotic testimony, as well as other compelling evidence against the defendant, distinguish this case from the *Gonzales* case.

The conviction is affirmed.

CRIMINAL LAW — HYPNOSIS — POST-HYPNOTIC TESTIMONY — EVIDENCE.

A witness who has undergone hypnosis may testify at a criminal trial to facts which the witness had recalled and related prior to hypnosis; the admission into evidence of post-hypnotic statements may be regarded as harmless error where the witness's

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 831.

Fact that witness undergoes hypnotic examination as affecting admissibility of testimony in civil case. 31 ALR4th 1239.

pre-hypnotic testimony, as well as other evidence, make a compelling case against the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol* and *Robert F. Davisson,* Assistants Prosecuting Attorney, for the people.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour),* for defendant on appeal.

Amicus Curiae:

*Terence R. Flanagan,* Assistant State Appellate Defender, of the State Appellate Defender's Office.

### On Second Remand

Before: Cynar, P.J., and Bronson and Walsh, JJ.

Per Curiam. In our original opinion, *People v Wallach,* 110 Mich App 37; 312 NW2d 387 (1981), we held that, while certain post-hypnotic statements of defendant's girlfriend should not have been admitted into evidence, the witness could testify about those aspects of the case remembered prior to undergoing hypnosis. We further held that, given the very compelling evidence which was properly admitted, the introduction of the witness's post-hypnotic testimony was harmless error.

In an order dated March 29, 1983, the Supreme Court vacated our opinion affirming defendant's conviction and remanded for reconsideration in light of *People v Gonzales,* 415 Mich 615; 329

NW2d 743 (1982). 417 Mich 937 (1983). On re-
mand, we stated:

"The present appeal cannot be distinguished from
*Gonzales, supra.* This is a companion case to *Gonzales,*
which involves not only the same witness, but in fact
the very same hypnosis-induced testimony that was
found to have improperly contributed to the conviction
in *Gonzales.*

"Accordingly, upon reconsideration in light of *Gon-
zales,* we conclude that the admission of witness
Rhonna Burns's post-hypnotic testimony could not have
been harmless beyond a reasonable doubt. Accord, *Peo-
ple v Nixon (On Rem),* 125 Mich App 807; 337 NW2d 33
(1983). The conviction is reversed and the matter re-
manded to the lower court for a new trial." *People v
Wallach (On Remand),* 131 Mich App 539, 540-541; 345
NW2d 607 (1983).

Our reconsideration on remand concerned
whether the admission of post-hypnotic testimony
could ever be considered harmless error. Appar-
ently, although not explicit in our opinion, we
believed that the admission of post-hypnotic testi-
mony could not constitute harmless error. Our
conclusion was bolstered by this Court's opinion in
*People v Nixon (On Remand), supra,* where Judge
KELLY stated:

"The Supreme Court, however, subsequently deter-
mined that 'to permit posthypnotic testimony would
unfairly denigrate the defendant's right to cross-exami-
nation'. *Gonzales,* 415 Mich 627. The Court concluded
that 'until the barriers which hypnosis raises to effec-
tive cross-examination are somehow overcome, the testi-
mony of witnesses which has been tainted by hypnosis
must be excluded in criminal cases'. *Gonzales, supra,* p
627.

"This holding by the Supreme Court undercuts any
possible conclusion that the admission of posthypnotic

testimony *in the instant case* was harmless beyond a reasonable doubt. * * *

"In light of the Supreme Court's opinion in *Gonzales, supra,* we now find that the erroneous admission of testimony of a previously hypnotized witness was not harmless beyond a reasonable doubt. The inability of defendant to cross-examine the witness due to the lasting effects of hypnosis denied defendant a fair trial. We therefore reverse defendant's two first-degree murder convictions and remand this case for a new trial."

In an order dated April 23, 1985, the Supreme Court again vacated our opinion and remanded for reconsideration, this time in light of *People v Nixon,* 421 Mich 79; 364 NW2d 593 (1984). 422 Mich 874 (1985).

Addressing the question which it had expressly reserved in *Gonzales,* the Supreme Court held in *Nixon* that a witness who has undergone hypnosis may testify at trial to facts which the witness recalled and related prior to hypnosis. For the purposes of this remand, however, the importance of *Nixon* lies in the application of the harmless error doctrine and the holding by the Court that, despite the admission into evidence of certain posthypnotic statements of the witnesses, defendant received a fair trial. The Court, therefore, reversed and reinstated defendant Nixon's conviction. *Id.,* pp 90-92 and fn 3.

Given the Supreme Court's treatment of the admission of post-hypnotic statements, we believe that our task on this remand is to determine, as we held originally, whether the admission of the witness's post-hypnotic statements was harmless error. For the reasons set forth in our original opinion, we believe the erroneous admission of Rhonna Burns's post-hypnotic statements was harmless. *People v Wallach,* 110 Mich App 72-75.

Unlike the testimony in *Gonzales,* Burns's pre-hyp-
notic statements placed defendant with the victims
in the bar and, more importantly, at the murder
scene. In addition, other very compelling evidence
available against defendant, including defendant's
own statements, distinguish this case from *Gon-
zales.* We therefore affirm defendant's conviction.

Affirmed.