PEOPLE v LUNDY

Docket No. 77502. Submitted May 9, 1985, at Grand Rapids.—Decided September 30, 1985.

Dennis L. Lundy pled guilty in St. Joseph Circuit Court to charges of breaking and entering an unoccupied dwelling and to being a third felony offender and was sentenced, James P. Noecker, J. Defendant appealed. *Held:*

1. In imposing sentence, the court rejected the sentence recommendation of the probation officer as being too short, reasoning that the actual sentence served would be far less than the minimum sentence imposed because the defendant would benefit from a number of 90-day time cuts under the Prison Overcrowding Emergency Powers Act. In doing so, the court erred. The case must be remanded for resentencing, at which time the court must disregard the Prison Overcrowding Emergency Powers Act when resentencing the defendant.

2. On remand the court must also ascertain the terms of the plea agreement and sentence defendant in conformity therewith.

Remanded for resentencing.

CRIMINAL LAW — SENTENCING — PRISON OVERCROWDING — EMERGENCY POWERS ACT.

A trial court may not increase a defendant's sentence based on speculation and conjecture that the 90-day time-cut provisions of the Prison Overcrowding Emergency Powers Act will continue to be implemented in the future or be utilized with the same frequency and regularity as in the past (MCL 800.71[1] *et seq.;* MSA 28.1437[1] *et seq.).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert Cares,* Prosecuting Attorney, and *Jeffrey C. Middleton,* Chief Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law §§ 525-631.
See the annotations in the ALR3d/4th Quick Index under Increased Sentences.

*William D. Welty,* for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and W. R. PETERSON,* JJ.

W. R. PETERSON, J. Defendant pursuant to a plea bargain entered a guilty plea to two counts of breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305, and to a supplemental information charging him as a third felony offender,[1] MCL 769.11; MSA 28.1083. Subsequently the court imposed sentences of from 4 to 20 years on the breaking and entering convictions and from 6 to 20 years on the habitual offender conviction, to be served concurrently.

We must remand for resentencing.

In imposing sentence, the trial judge rejected the recommendation of the probation officer as being too short. His reasoning was based on the assumption that the actual sentence served would be far less than the minimum sentence imposed because the defendant would be the beneficiary of a number of 90-day time cuts under the Prison Overcrowding Emergency Powers Act, 1980 PA 519; MCL 800.71 *et seq.;* MSA 28.1437 (1) *et seq.* We take judicial notice of that with which the trial judge was familiar, namely that the act was being invoked at a rate of four times every 13 months and that the Department of Corrections had advised Michigan's judges that that rate would continue into the indefinite future unless additional prison facilities were provided.

We also note that the Governor of Michigan has

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant had four prior felony convictions in other states and, while on bond for the within and other offenses in St. Joseph County, committed a breaking and entering in Kent County, Michigan, for which he had been sentenced as an habitual offender (second) to a term of from 3 to 15 years, which sentence was not consecutive.

recently declined to invoke the act, that the Legislature is considering repeal of the act, and that the Legislature is also considering new prison construction.

Other panels of this Court have noted the impropriety of lengthening a sentence as a buffer against possible sentence time cuts resulting from application of the emergency powers act, holding it impermissible to impose a sentence based on speculation and conjecture that the 90-day time-cut provisions of the act would continue to be implemented in the future or be utilized with the same frequency and regularity as in the past. *People v Fleming,* 142 Mich App 119; 369 NW2d 499 (1985); *People v Humble,* 146 Mich App 198; — NW2d — (1985).

The decisions, however, are not an expression of confidence in the likelihood of legislative action to provide adequate prison space. And so, though remanding for resentencing, we sympathize with the frustration of the trial judge who is ordered to create certainty amid chaos. Though the Court in *Fleming* said that "[t]he sentencing court does not operate in a vacuum without consideration or concern for the actual effect of the judgment of sentence", that vacuum wonderland is precisely where the sentencing judge functions today.

The realities of contemporary sentencing suggest a different version of the case of *The Emperor's New Clothes.*[2] Perhaps the tailors who crafted the marvelous garments that no one could see were not swindlers but were honest craftsmen, ordered to deliver a product for which the Emperor provided no materials and appropriated no funds. Judicial craftsmen are ordered by statute and the ideal of *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973), to produce a sentence:

---

[2] *Rex Imp v Tailors,* xxxx Dansk, H. C. Andersen reporter.

"[T]ailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential."

It is sophistry to insist that this is or can be accomplished when the sentenced offender is delivered to a corrections system that is in shambles and from which, entirely apart from the EPA 90-day time cuts, inmates are precipitately returned to the community under a variety of programs designed to empty a cell for the most recently sentenced offender and with minimal regard for public safety, let alone for the needs of the offender.[3] Pity the tailors; pity the jailers.

But the power to define limits of punishment and to provide the means of implementing corrections programs rests with the Legislature; the courts may not circumvent the legislative plan, even when that plan may seem to be an evasion of legislative responsibility. In its ordering of financial priorities, the Legislature has chosen to allow reduction of reasonable sentences and the early release of felons rather than to provide the prisons and the programs necessary to implement its own Criminal Code. By this we must abide. On remand, the sentencing judge must impose the sentence that he would have imposed without regard to the Prison Overcrowding Emergency Powers Act.

Another matter must be addressed on resentencing. The record is unclear as to the exact terms of the plea bargain struck between the prosecution

---

[3] The sentencing judge herein reasonably concluded that the defendant's needs required a minimum amount of time in custody if he were to benefit from corrections programs. He has, however, no certainty that the time will be served or that such correctional programs will be available. Indeed, he knows that those inmates who are "only" property offenders are invariabley released within months after sentencing, and that even offenders against persons will be released long before the expiration of the minimum sentence imposed.

and the defendant. Prior convictions were acknowledged and it is clear that defendant's sentence herein was to be as a third offender under MCL 769.11; MSA 28.1083. Guilty pleas were entered as to both of the charged offenses, but defendant claims that he was to receive only one sentence and that the imposition of two sentences violates the bargain. Unfortunately, a discussion between court and counsel attempting to clarify the agreement was held off the record.

The matter is remanded for ascertainment of the terms of the agreement and for resentencing in conformity therewith.

R. M. MAHER, J. concurs in the result only.