PEOPLE v KING

Docket No. 82360. Submitted February 13, 1986, at Grand Rapids.
Decided January 2, 1987.

Noah G. King was convicted following a jury trial in the Musk-
egon Circuit Court of first-degree criminal sexual conduct. The
trial court, Ronald H. Pannucci, J., determined that a twenty-
year minimum sentence was appropriate. However, because of
the possible impact of various early release programs, the
defendant's sentence was recalculated to a minimum of thirty
years to prevent defendant's release before the twenty years
had expired. Defendant was thus sentenced to from thirty to
one hundred years imprisonment. Defendant appeals alleging.
several errors.

The Court of Appeals *held:*

1. The trial court did not err in admitting into evidence
scientific evidence obtained through the use of an automatic
chemical analyzer. Competent expert testimony established the
reliability of the automatic chemical analyzer. It was at most
harmless error that some of the testimony concerning the
reliability of the automatic chemical analyzer was propounded
at a posttrial hearing.

2. Error in the admission of the testimony of an expert
regarding psychological profiles, if such error exists, was harm-
less. Furthermore, the trial court did not err in excluding from

REFERENCES

Am Jur 2d, Appeal and Error §§ 601 *et seq.*; 737.

Am Jur 2d, Criminal Law §§ 535 *et seq.*.

Am Jur 2d, Evidence §§ 249 *et seq.*; 339 *et seq.*; 818 *et seq.*; 1103.

Opinion evidence as to character of accused under Rule 405(a) of
Federal Rules of Evidence. 64 ALR Fed 244.

Consideration by appellate court, in passing on sufficiency of evi-
dence, of inadmissible hearsay evidence introduced without objec-
tion. 79 ALR2d 915.

Admissibility of experimental evidence to determine chemical or
physical qualities or character of material or substance. 76
ALR2d 354.

See also the annotations in the Index to Annotations under Appeal
and Error; Evidence Rules; Sentence and Punishment.

evidence a book review article which the defendant sought to use to impeach the expert.

3. Defendant's argument that hearsay evidence was improperly admitted was determined to be without merit. Defense counsel's trial strategy regarding the use of hearsay did not deny defendant effective assistance of counsel.

4. The trial court did not abuse its discretion in excluding testimony from the defendant regarding statements made to his daughters by their aunt.

5. The trial court correctly ruled that the defendant had failed to lay a foundation for the admission of testimony from certain witnesses as character evidence.

6. The trial court improperly considered the possible impact of various early release programs in determining defendant's minimum sentence. Absent such invalid consideration of the early release programs, the trial court's sentencing was proper.

Conviction affirmed, sentence vacated and remanded for resentencing.

1. EVIDENCE — SCIENTIFIC EVIDENCE.

Novel scientific evidence must be shown to have gained general acceptance in the scientific community in order to be admissible at trial; proof of the general acceptability of scientific evidence must be established by disinterested and impartial experts.

2. EVIDENCE — APPEAL — PRESERVING QUESTION — HEARSAY.

A defendant waives an issue regarding the alleged improper admission of hearsay testimony where the testimony was elicited by defense counsel and defendant failed to object thereto.

3. EVIDENCE — APPEAL.

The burden of controlling the introduction of evidence is on the trial court; a trial court's determination in such regard will not be reversed absent an abuse of discretion.

4. EVIDENCE — RULES OF EVIDENCE.

Testimony, although relevant, may be excluded where it is raised at a time and under circumstances where it would only serve to mislead, confuse and unduly prejudice the jury (MRE 403).

5. EVIDENCE — CHARACTER EVIDENCE — RULES OF EVIDENCE.

Evidence of a person's character, including his truthfulness and veracity, is limited to testimony regarding the person's reputation for that character trait; testimony regarding a person's character can only relate what the witness has heard others say about the person's reputation and cannot relate specific

instances of the person's conduct or the witness's personal opinion as to the person's character (MRE 405[a], 803[21]).

6. CRIMINAL LAW — SENTENCING — EARLY RELEASE PROGRAMS.

It is improper for a sentencing court to lengthen a defendant's sentence as a buffer against possible sentence time reductions resulting from invocation of the Prison Overcrowding Emergency Powers Act (MCL 800.71 *et seq.;* MSA 28.1437[1] *et seq.*).

7. CRIMINAL LAW — SENTENCING — HEARSAY.

No constitutional infirmity results from the use of hearsay information in determining an appropriate sentence where the defendant is given an opportunity to rebut derogatory information.

8. CRIMINAL LAW — SENTENCING — SENTENCING CRITERIA.

Proper criteria to be considered in arriving at an appropriate minimum sentence include the severity of the crime, its effect upon the victim, the defendant's personal history, punishment, the protection of society and the deterrence of others.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz III,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Justian & Veurink* (by *David R. Justian*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

PER CURIAM. Defendant, Noah George King, appeals from his conviction for first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). He raises six evidentiary issues, which he asserts entitle him to a new trial, and also argues that he was improperly sentenced to from thirty to one hundred years incarceration.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

We affirm the conviction, but remand for resentencing.

The defendant first challenges the admission of scientific evidence of the chemical content of a substance found in the victim's vagina. Two tests, one manually administered and one conducted by a machine known as the automatic chemical analyzer (ACA), showed the presence of acid phosphotase in the substance. Experts testified that the acid phosphotase disclosed the presence of semen, although no sperm were found in the samples. Other witnesses testified that the defendant had had a vasectomy.

The defendant argues that the use of the ACA to test for acid phosphotase constitutes a novel scientific test that must be shown to be reliable under the standards announced in *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), and *Frye v United States,* 54 US App DC 46; 293 F 1013 (1923). Under the *Davis-Frye* rule, novel scientific evidence must be shown to have gained general acceptance in the scientific community to be admissible at trial. *People v Young,* 418 Mich 1, 17-18; 340 NW2d 805 (1983). The purpose of the rule "is to prevent the jury from relying on unproven and ultimately unsound scientific methods." *People v Gonzales,* 415 Mich 615, 623; 329 NW2d 743 (1982). Proof of the general acceptability of scientific evidence must be established by disinterested and impartial experts. *People v Barbara,* 400 Mich 352, 358; 255 NW2d 171 (1977).

Three experts testified regarding the chemical process of the ACA, its reliability and the procedure used to test the sample in the instant case. Dr. Gilleland, a physician, related the widespread use of the ACA in hospitals throughout the country, and testified that physicians routinely relied upon its accuracy. Mr. Dobry, Chief Technician at the

Muskegon Hospital, testified similarly. None of the expert witnesses proffered by the prosecution were affiliated with a law enforcement agency or financially interested in the use of the ACA and were, therefore, competent to establish the test's reliability. *People v Bunting,* 145 Mich App 210, 212-213; 377 NW2d 307 (1985). In addition, the procedural propriety of the particular test given was properly shown by direct as well as circumstantial evidence. *Zyskowski v Habelmann,* 150 Mich App 230, 244; 388 NW2d 315 (1986).

Significantly, there was no testimony to refute the reliability of the ACA. Cf., *People v Young (After Remand),* 425 Mich 470; 391 NW2d 270 (1986) (accuracy of electrophoresis of evidentiary bloodstains disputed among experts so results not admissible). The defendant's own expert testified that the acid phosphotase in the samples showed semen, and the test results were also corroborated by the independent manual test, the accuracy of which the defendant does not challenge. The testimony was sufficient to meet the *Davis-Frye* standard. It was at most harmless error that some of the testimony was propounded at a posttrial hearing. *People v Haggart,* 142 Mich App 330, 344-345; 370 NW2d 345 (1985).

The defendant next argues that the trial court erred in admitting the testimony of Dr. deYoung, an expert in the dynamics of incestuous families. Dr. deYoung's testimony, concerning the psychological profiles of members of such families, was admitted ostensibly to assist the jury in understanding the evidence of incest. *People v Draper,* 150 Mich App 481, 487-488; 389 NW2d 89 (1986). Even if, as defendant argues, the prejudicial effect of this testimony outweighed its probative value, any error in its admission must be considered harmless in light of the compelling evidence of

defendant's guilt, especially the evidence that defendant had had a vasectomy and that the semen taken from the victim was aspermic. See *People v Wallach (On Second Remand),* 143 Mich App 537; 372 NW2d 609 (1985).

The defendant also asserts that the trial court erred in excluding a book review article which he sought to use to impeach Dr. deYoung pursuant to MRE 707. We agree with the trial court that this article is not the type of work contemplated by MRE 707. Defendant proffered the article as a critique on the scientific subject of psychology, but the article was a book review more properly viewed as a discussion of literary value. We also note that the criticism contained in the article was brought out by defense counsel in his cross-examination of Dr. deYoung. There is no basis for reversal here.

The defendant's argument that hearsay evidence was improperly admitted is also without merit. The hearsay statements were purposely elicited by his own lawyer and, upon questioning by the trial court, it was specified that the hearsay was sought "for trial strategy." By the defense's own injection of the hearsay and failure to object, the evidentiary issue has been waived. *People v McKeever,* 123 Mich App 533, 538; 332 NW2d 596 (1983), lv den 417 Mich 1100.9 (1983); *People v Stanton,* 97 Mich App 453, 460; 296 NW2d 70 (1980), lv den 417 Mich 941 (1982). Nor did defense counsel's trial strategy deny defendant effective assistance of counsel. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977); *People v Simmons,* 140 Mich App 681, 685; 364 NW2d 783 (1985), lv den 422 Mich 963 (1985).

We also conclude that the trial court did not abuse its discretion in excluding testimony from the defendant regarding what might have been

said to his daughters by their aunt. While we agree that the statements were not hearsay because not offered for the truth of the matter asserted, *People v Eggleston,* 148 Mich App 494, 502; 384 NW2d 811 (1986), the testimony sought to be admitted was raised at a time and under circumstances that would only serve to mislead, confuse and unduly prejudice the jury. MRE 403. The burden of controlling the introduction of such evidence is on the trial court, whose decision will not be reversed absent an abuse of discretion. *People v Holliday,* 144 Mich App 560, 573-574; 376 NW2d 154 (1985), lv den 424 Mich 902 (1986). There was no abuse here.

Defendant's final evidentiary argument is that the trial court erred in excluding testimony to the effect that he was a good man. Evidence of a person's character, including his truthfulness and veracity, is limited to testimony regarding the person's reputation for that character trait. MRE 405(a); MRE 803(21); *People v McWilson,* 104 Mich App 550, 558; 305 NW2d 536 (1981). Thus, testimony regarding a person's character can only relate what the witness has heard others say about the person's reputation, *People v Morrin,* 31 Mich App 301, 336; 187 NW2d 434 (1971), lv den 385 Mich 775 (1971), and cannot relate specific instances of the person's conduct or the witness's personal opinion as to the person's character. *People v Bartlett,* 312 Mich 648, 662; 20 NW2d 758 (1945); *People v McWilson, supra.*

The proposed character witnesses were wholly unable to testify that they knew what the defendant's reputation was in the community, regardless of how community is defined. Rather, the witnesses stated that they personally believed the defendant was honest, or related specific instances of the defendant's trustworthy conduct. Such testi-

mony does not rise to the level of admissible character evidence. *People v Schultz,* 316 Mich 106, 109; 25 NW2d 128 (1946). The trial court correctly ruled that the defendant had failed to lay a foundation for admission of this testimony as character evidence.

Turning to the sentencing, the trial court determined that a twenty-year minimum sentence was appropriate. However, because of the possible impact of various early release programs, including the Prison Overcrowding Emergency Powers Act, MCL 800.71 *et seq.;* MSA 28.1437(1) *et seq.,* the defendant's sentence was recalculated to a minimum of thirty years incarceration to prevent release before the twenty years had expired. It is improper to lengthen a sentence as a buffer against possible sentence time reductions resulting from invocation of the emergency powers act. *People v Lundy,* 145 Mich App 847, 849-850; 378 NW2d 622 (1985). In fact, the act has not been invoked since shortly after defendant's sentence was imposed, and the governor has declared his unwillingness to invoke it. The trial court's sentence is therefore improper and must be vacated. *People v Humble,* 146 Mich App 198, 201; 379 NW2d 422 (1985).

Absent the invalid consideration of the emergency powers act, the trial court's sentencing was proper. Provided that a defendant is given the opportunity to rebut derogatory information, no constitutional infirmity results from the use of hearsay information in determining an appropriate sentence. *People v Potrafka,* 140 Mich App 749, 751-752; 366 NW2d 35 (1985), lv den 422 Mich 962 (1985); *People v Books,* 95 Mich App 500, 503-504; 291 NW2d 94 (1980). In arriving at twenty years as the appropriate minimum sentence, the trial court considered the severity of the crime, its

effect upon the victim, the defendant's personal history, punishment, protection of society and deterrence of others. These are all proper criteria. *People v Ross,* 145 Mich App 483, 495; 378 NW2d 517 (1985). Under the circumstances, twenty years incarceration does not shock our judicial conscience under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

The defendant's conviction is affirmed. However, because the sentence was improperly enhanced by consideration of the possible early release of the defendant, the sentence is vacated and this case is remanded for resentencing. We do not retain jurisdiction.