PEOPLE v HEMPHILL

Docket No. 92368. Decided May 29, 1992. On application by the
people for leave to appeal, the Supreme Court, in lieu of
granting leave, reversed the judgment of the Court of Appeals
and reinstated the judgment of the trial court.

Robert Hemphill pleaded guilty in the Detroit Recorder's Court,
Craig S. Strong, J., of breaking and entering. The Court of
Appeals, GILLIS, P.J., and SAWYER and REILLY, JJ., remanded
for resentencing in an unpublished memorandum opinion, hold-
ing that a defendant may not waive the updating of a presen-
tence report (Docket No. 123634). The people seek leave to
appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A defendant may not waive a presentence report. However,
unless a prior presentence report is manifestly outdated, a
defendant or a prosecutor may waive the right to a reasonably
updated presentence report at resentencing where each believes
the previously prepared report is accurate.

In this case, the prior report was not stale, and the defendant
affirmatively waived his right to a new report. Additionally, the
defendant did not explain how his waiver was involuntary or
how he was prejudiced. Under the circumstances, the prior
report must be presumed to be consistent with *People v Triplett,*
407 Mich 510 (1980), and the defendant's waiver of his right
to have the report updated was effective.

Reversed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Pros-
ecuting Attorney, and *Janet S. Napp,* Assistant
Prosecuting Attorney, for the people.

*George C. Dovas* for the defendant.

PER CURIAM. This defendant was resentenced by
a judge who used a presentence report that had
been prepared for his original sentencing, more
than seven months earlier. The resentencing oc-

curred after the defendant waived his right to an updated presentence report. The Court of Appeals then ordered that the defendant again be resentenced, holding that a defendant may not waive the updating of the report. We conclude that the Court of Appeals erred, and so we reinstate the judgment of the trial court.

I

In October 1986, the defendant broke and entered an occupied dwelling. He was charged with that offense[1] and also as an habitual (fourth-felony) offender.[2]

In January 1987, the defendant pleaded guilty of breaking and entering. The plea agreement had two elements. First, the parties agreed to a sentence of from ten to fifteen years in prison. Second, the prosecutor agreed to dismiss the supplemental information. On January 26, 1987, the defendant received the agreed-upon term of imprisonment, and the court granted the prosecutor's motion to dismiss the supplemental information.

Four months later, the defendant moved for resentencing. The basis of the motion was that the sentencing guidelines had not been consulted when the defendant was sentenced. The motion was heard in July 1987. The court granted a resentencing and ordered an updated presentence report, but apparently the updated report was never prepared.

On September 11, 1987, the defendant was resentenced. One of the topics discussed during the lengthy hearing was whether it would be possible for the trial court to reduce the ten-year minimum sentence without causing the entire plea bargain

---

[1] MCL 750.110; MSA 28.305.

[2] MCL 769.12; MSA 28.1084.

to be set aside.[3] During the course of the hearing, the defendant became persuaded that there was little likelihood that he would receive a reduced minimum sentence. Following a midday break, defense counsel reported that the defendant wished to waive an updated presentence report and go forward with an immediate resentencing. The defendant was concerned that a stay in the county jail while awaiting the preparation of an updated presentence report would jeopardize his participation in a college-level educational program.

After obtaining the defendant's personal waiver of his right to a reasonably updated presentence report, the trial court again imposed a term of from ten to fifteen years in prison. The court based its sentence on what it had heard during the proceedings of that day, "as well as the information contained in the presentence report that was previously prepared . . . ."

The defendant again appealed his sentence. In a memorandum opinion,[4] the Court of Appeals remanded the case for resentencing on the ground that a defendant cannot waive the preparation of an updated presentence report. The Court explained:

Defendant next argues that the trial court erred in resentencing defendant without the preparation of an updated presentence report. At a resentencing, the trial court is obligated to utilize a reason-

---

[3] Defense counsel explained her hope that the trial court would be willing to reduce the minimum by a year or two, and that the prosecutor would be receptive, as well. The prosecutor took the position that, if the court intended to impose other than a ten-year minimum sentence, then the original plea bargain should be set aside and the defendant again be subjected to the supplemental information.

[4] *People v Hemphill*, unpublished memorandum opinion of the Court of Appeals, decided July 19, 1991 (Docket No. 123634).

ably updated presentence investigation report. *People v Triplett,* 407 Mich 510, 515; 287 NW2d 165 (1980). Furthermore, the defendant cannot waive the preparation of a presentence investigation report. *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974). While we agree with the prosecutor that the circumstances presented in a resentencing differ from that presented in an original sentencing and, therefore, waiver of an updated presentence report might be appropriate, we nevertheless believe that we are compelled by the court's decision in *Brown* to hold that defendant could not waive the preparation of an updated presentence report.

The Court of Appeals urged this Court to consider the issue:

We do, however, urge the prosecutor to seek leave to appeal in this matter so that the Supreme Court may revisit this issue and determine whether a strict rule against waiver of a presentence investigation report is required in the context of resentencing.

The prosecutor seeks leave to appeal.

II

A sentencing judge must use a presentence report. MCL 771.14(1); MSA 28.1144(1); MCR 6.425(A).[5] In *People v Brown, supra* at 179-181, the defendant expressly sought to waive his right to have a presentence report prepared. He had spent approximately eleven months in the Wayne County jail, and he wished his sentencing to be delayed no further. In ordering that Mr. Brown be resentenced, this Court held "that public policy precludes recognition of such waiver":

[5] See former MCR 6.101(K) and GCR 1963, 785.12.

We are satisfied that the statute bespeaks a conviction that our criminal justice system is better served by requiring that a judge who is about to sentence a person have the information contained in a presentence report before making the decision whether to put that person on probation, fine or imprison him. It would militate against this conviction to recognize a right to waive the requirement even if the prosecutor, judge and defendant deemed it expedient in a particular case, for the Legislature, speaking for all the people, has ordained otherwise. [*Brown,* 393 Mich 181.]

*People v Triplett, supra,* involved a defendant who was resentenced in 1976 on the basis of a presentence report that had been prepared in 1972 for his original sentencing. The defendant objected in the trial court, saying that the outdated report failed to reflect the extent to which he had been rehabilitated during his imprisonment. After describing the importance of the presentence report, we ordered a resentencing:

Although this Court has not until today passed on the requirement that a reasonably updated presentence report must be utilized in sentencing for felonies, we have repeatedly indicated that such reports must be complete, accurate, and reliable. . . . Our holding that a reasonably updated report must be utilized at felony sentencing is merely a logical extension of such earlier indications. Indeed, our holding is a necessary corollary to the principle that sentencing must be individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing . . . . [*Triplett,* 407 Mich 515.]

In the years since *Brown* and *Triplett* were decided, the Court of Appeals has applied these rules in a variety of factual contexts. Presentence reports that are several years old have been held

not to be "reasonably updated."[6] Reports that were prepared several months earlier, in connection with unrelated offenses, have also been held not to be adequate.[7] A five-month-old report was found not to have been properly used where there were significant allegations that the defendant's circumstances had changed during the interim.[8]

However, the Court of Appeals also has held that a supplemental presentence report can provide the necessary updating.[9] Further, in some circumstances where the trial court has no sentencing discretion, an updated report may not be necessary.[10]

The Court of Appeals additionally has stated, in dictum, that a defendant cannot waive the right to have a current presentence report prepared. *People v LeBlanc,* 120 Mich App 343, 347; 327 NW2d 471 (1982). In the present case, the Court of Appeals has restated that principle as the holding of the case.

## III

As explained above, we held in *Brown* that a defendant may not waive a presentence report. We reaffirm that holding today. However, with regard to whether an *updated* report is required at a *resentencing,* we believe that the controlling principles are stated in the following passage adapted from the dissent of Justice T. M. KAVANAGH in *Brown:*

---

[6] *People v McDonald,* 99 Mich App 150, 152-153; 297 NW2d 639 (1980); *People v Bruce,* 102 Mich App 573, 580; 302 NW2d 238 (1980).

[7] *People v Anderson,* 107 Mich App 62, 66-67; 308 NW2d 662 (1981); *People v McKeever,* 123 Mich App 533, 539-541; 332 NW2d 596 (1983).

[8] *People v Crook,* 123 Mich App 500, 503; 333 NW2d 317 (1983).

[9] *People v Hart,* 129 Mich App 669, 674; 341 NW2d 864 (1983).

[10] *People v Foy,* 124 Mich App 107, 110-112; 333 NW2d 596; 65 ALR4th 177 (1983).

> Because the manner in which the pertinent facts are compiled is not as crucial as is the content or accuracy of this information after it reaches the hands of the trial judge, we believe that when this evidence is already before the court, and a counseled defendant requests immediate sentencing, it is not error for a trial judge to accept a waiver of the [updated] presentence report. Just as a defendant is permitted to waive the protections guaranteed by the Constitution, he may likewise waive rights provided by statutes so long as he does so in an intelligent, understanding and voluntary manner. [*Brown,* 393 Mich 186.]

For those reasons, a defendant or the prosecutor may waive the right to a reasonably updated presentence report *at resentencing* where each believes the previously prepared report is accurate.

Of course, a different case would be presented where the previously prepared presentence report contained information that was manifestly stale. To base a sentence on such information would obviously jeopardize the public interest. Unless the prior report is manifestly outdated, however, a defendant at resentencing may waive preparation of an updated report.

In this case, the prior report was not stale, and the defendant affirmatively waived his right to a new report. Further, the defendant does not explain how this waiver was involuntary or how he has been prejudiced. In such circumstances, the prior report must be presumptively determined to satisfy the requirement of *Triplett* that the report be "reasonably updated."

In these circumstances, we believe that the defendant effectively waived his right to have the presentence report updated. Therefore, we reverse the judgment of the Court of Appeals, and re-

instate the judgment of the trial court. MCR
7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE,
RILEY, GRIFFIN, and MALLETT, JJ., concurred.