# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALFRED JAMAL OLLISON,

Defendant-Appellant.

UNPUBLISHED
September 27, 2016

No. 327492
Wayne Circuit Court
LC No. 13-009984-FC

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to do great bodily harm less than murder, MCL 750.84, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and was sentenced to 4 to 10 years' imprisonment for assault with intent to do great bodily harm less than murder, 40 months to 5 years' imprisonment for felon-in-possession, and 2 years' imprisonment for felony-firearm. Defendant appealed his convictions and sentences as of right, arguing Prior Record Variable (PRV) 1 was erroneously scored, and this Court entered an order accepting the prosecutor's confession of error, vacating defendant's sentences, and remanding the matter to the trial court for resentencing.[1] Defendant was then resentenced on remand. The trial court corrected the scoring of PRV 1 and PRV 5, but scored defendant's guidelines as a third habitual offender, MCL 769.11. Defendant was then resentenced, under the corrected guidelines range, to the same sentences: 4 to 10 years' imprisonment for assault with intent to do great bodily harm less than murder, 40 months to 5 years' imprisonment for felon-in-possession, and 2 years' imprisonment for felony-firearm. Defendant appeals his sentences as of right. For the reasons set forth in this opinion, we remand this case for a *Crosby*[2] hearing pursuant to *People v Lockridge*, 498 Mich 358, 394; 870 NW2d 502 (2015).

## I. BACKGROUND

---

[1] *People v Ollison*, unpublished order of the Court of Appeals, entered January 14, 2015 (Docket No. 321215).

[2] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

-1-

This case arises from a shooting that occurred on July 30, 2013. On that day, Torrance Glen was walking down the street when defendant pulled up alongside him driving a green truck and fired an assault rifle at Glen three to four times before fleeing the scene. Glen was hit once in his lower right leg. On October 22, 2013, defendant was arrested after a traffic stop while wearing a disguise.

Following his arrest, defendant was charged, as a third habitual offender, with assault with intent to murder (AWIM), MCL 750.83, assault with intent to do great bodily harm less than murder, MCL 750.84, felon-in-possession, MCL 750.224f, and felony-firearm, MCL 750.227b, and was found guilty of assault with intent to do great bodily harm less than murder, felon-in-possession, and felony-firearm after a three day jury trial. Before defendant's original sentencing, a Presentence Investigation Report (PSIR) and Sentencing Information Report (SIR) were completed, and listed defendant's sentencing guidelines range as 29 to 57 months.

On March 24, 2014, defendant appeared to be sentenced, both parties agreed with the 29 to 57 month guidelines range and defendant was sentenced.[3] On April 7, 2014, defendant appealed his sentences as of right, and on January 14, 2014, this Court entered an order accepting the prosecutor's confession of error, vacating defendant's sentences, and remanding the matter to the trial court for resentencing.[4]

On March 12, 2015, defendant was then resentenced on remand. The trial court acknowledged that it did not have defendant's file and did not have an updated PSIR or SIR. The trial court indicated that defendant's resentencing had been expedited, so the Michigan Department of Corrections (MDOC) had not had time to complete an updated PSIR. However, the court stated that an updated PSIR was not required because the facts of defendant's case remained the same and defendant's resentencing was "just a simple correction of the computation of his guidelines." Defense counsel objected, and asserted that defendant was "entitled" to an updated PSIR and SIR because there were "discrepancies about how the guidelines were scored and how they need to be scored," and because the existing PSIR did not reflect defendant's "adjustment [] during his incarceration."

The trial court stated it did not "care how [defendant] has adjusted during his incarceration period, because to [the court] that really doesn't matter," as defendant was "not being resentenced his sentence is being corrected, because he was given an incorrect sentence." The trial court then examined the original PSIR, changed the score of PRV 1 from 50 points to 25 points, changed the score of PRV 2 from five points to 10 points, changed the score of PRV 5 from two points to zero points, and concluded that defendant's total PRV score went from 67 to 45 points, and that his offense variable (OV) score was 40 points, making defendant's guidelines range, as a third habitual offender, 19 to 57 months.

---

[3] On July 9, 2014, defendant was resentenced because the court failed to put his felon-in-possession sentence on the record.

[4] *People v Ollison*, unpublished order of the Court of Appeals, entered January 14, 2015 (Docket No. 321215).

Defense counsel agreed that defendant's guidelines, as a third habitual offender, were 19 to 57 months. However, defense counsel asserted that "[s]ince he's been incarcerated, [defendant] has had an exemplary record in the Department of Corrections. Defense counsel provided the court with documentation from MDOC evidencing these claims, and asked the court to "consider [defendant's] successful rehabilitation and to reduce his sentence."

The court noted that it received letters from defendant's family members requesting defendant be sentenced to house arrest, but stated that "in order for the court to do that [it] would [need] to find a substantial and compelling reason to downward depart from the guidelines" so "the law doesn't allow me to do that." However, the court also stated that, while defendant maintained his innocence, the court thought defendant "did it," and noted that the previously imposed sentence was within the correctly calculated sentencing guidelines range, and thus, imposed the same sentences.

## II. PSIR/SIR

Defendant first argues that the trial court violated his due process rights when it refused to order the preparation of an updated Sentencing Information Report (SIR) and Presentence Investigation Report (PSIR) before resentencing him.

"The trial court's response to a claim of inaccuracies in the presentence investigation report is reviewed for an abuse of discretion. A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).

Before a person convicted of a felony is sentenced, the probation officer must prepare a written PSIR for the court's use, and the trial court is required to use the PSIR when sentencing a defendant. MCL 771.14(1); MCR 6.425(A)(1); *People v Hemphill*, 439 Mich 576, 579; 487 NW2d 152 (1992); *People v Johnson*, 203 Mich App 579, 587; 513 NW2d 824 (1994). A PSIR must include a computation of the recommended sentence range under the statutory sentencing guidelines. MCL 771.14(2)(e). To determine the applicable guidelines range the trial court must score the OVs and PRVs. MCL 777.21(1)(b). Further, MCR 6.425(D) requires that a "[p]roposed scoring of the guidelines shall accompany the presentence report."

Although the trial court is not required to create an updated PSIR whenever a defendant is resentenced, the PSIR used must be "reasonably updated" and contain "complete, accurate, and reliable" information. *People v Triplett*, 407 Mich 510, 515; 287 NW2d 165 (1980). A PSIR is not reasonably updated if; 1) it is several years old, 2) it was prepared "in connection with unrelated offenses," or 3) there was a significant intervening change of circumstances. *Hemphill*, 439 Mich at 580-581.

A PSIR was prepared for defendant's original sentencing and included the required SIR. Each OV and PRV was scored in the SIR, and a recommended sentence range was included. Accordingly, the SIR complied with the requirements of MCL 777.21(1)(b) and MCR 6.425(D). While an updated SIR was not prepared for defendant's resentencing, the trial court indicated that defendant's previous OV scores would remain the same, and changed the PRV scores as this Court directed it to reconsider on the record. Further, at defendant's resentencing all parties

agreed on the recalculated sentencing guidelines range. Accordingly, the trial court did not abuse its discretion when it refused to order an updated SIR before resentencing defendant.

The PSIR prepared for defendant's original sentencing was prepared about one year before his resentencing, and was prepared in connection with defendant's current convictions. Defendant asserts that his yearlong incarceration and good conduct while in prison was a significant change of circumstance that was not incorporated into his PSIR, which required the court to prepare an updated PSIR before resentencing. However, while the original PSIR did not include information regarding defendant's good conduct while incarcerated, at his resentencing, defendant presented the court with information regarding his prison record by providing the court with the MDOC paperwork. Accordingly, while the PSIR did not contain information relating to defendant's conduct while in prison, the court sentenced defendant on complete and accurate information, and the prior PSIR was "reasonably updated" under the circumstances. Because the prior PSIR was reasonably updated, the trial court did not abuse its discretion in refusing to order an updated PSIR before resentencing defendant. *Triplet*, 407 Mich at 515.

### III. *LOCKRIDGE*

Next, defendant argues he is entitled to resentencing under *Lockridge* because the trial court sentenced him based on the court's "inaccurate belief that [it] was bound by the sentencing guidelines range." In doing so, defendant essentially argues that the sentencing procedure in this case violated the Sixth Amendment. We agree.

Defendant's Sixth Amendment challenge is governed by *Lockridge*, 498 Mich at 358. In *Lockridge*, our Supreme Court held that the sentencing guidelines violated the Sixth Amendment "[to] the extent to which the guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score [OVs] . . . that mandatorily increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne*." *Id.* at 364.

As a remedy, the *Lockridge* Court made the sentencing guidelines' advisory only as opposed to mandatory and struck down the requirement in MCL 769.34(3) "that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *Id.* at 364-365. Going forward, "a sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence ... [however] a guidelines minimum sentence range ... is advisory only and ... sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." *Id.* In other words, under *Lockridge*, a sentencing court must continue to score the OVs even if the scoring requires judicial fact finding; however, the recommended minimum sentencing range is no longer mandatory, but rather advisory only.

In this case, the jury did not find the facts to support the scoring of all of OV 3 beyond a reasonable doubt; therefore, the sentencing court engaged in judicial fact-finding to score the OV 3. Accordingly, because those facts established the guidelines' minimum sentencing range, "an uconstitutional constraint [on the judge's discretion] actually impaired the defendant's Sixth Amendment right," *id.* at 395, and defendant is entitled to a *Crosby* remand. The *Lockridge* Court provided the following guidance for Michigan circuit courts on *Crosby* remands:

Thus, in accordance with [*Crosby's* ] analysis, in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, *the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error.* If the trial court determines that the answer to that question is yes, the court shall order resentencing. [*Id.* at 397 (emphasis added).]

With respect to the specific procedure on a *Crosby* remand, this Court has explained as follows:

[O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015) (quotation marks and citations omitted).]

In sum, because defendant's sentence was imposed in violation of the Sixth Amendment, we remand to the trial court for a *Crosby* hearing.[5]

## IV. JUDICIAL DISQUALIFICATION

Lastly, defendant argues that his case should be remanded to a different judge for resentencing because the trial court "show[ed] a total disregard for the concept for individualized sentencing and rehabilitation" and insisted on sentencing defendant to the identical sentence previously imposed. We disagree.

---

[5] To the extent that defendant argues his sentence did not meet the reasonableness standard in *Lockridge*, his argument is misplaced because defendant's sentences are not subject to a reasonableness review. Defendant was sentenced within the correctly calculated applicable sentencing guidelines range. The reasonableness review was established in order to review *departure* sentences. See *Lockridge*, 498 Mich at 392 (noting that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness.") Moreover, at the time of sentencing, the trial court was not aware of the advisory nature of the guidelines, or that it was subject to a reasonableness standard of review; therefore, remand for a *Crosby* hearing is warranted. See *People v Steanhouse*, 313 Mich App 1, 23; 880 NW2d 297 (2015), lv granted ___ Mich ___ (2016) (Docket No. 152671).

Because defendant failed to move for disqualification in the trial court, this issue is unpreserved. See MCR 2.00. Unpreserved errors are reviewed for plain error affecting substantial rights. *People v Callon*, 256 Mich App 312, 332; 662 NW2d 501 (2003).

In considering whether to remand to a different judge for resentencing, the following factors are considered:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (quotation marks and citation omitted).]

Although resentencing before a different judge may be warranted in some occasions, defendant has not articulated any circumstances that warrant resentencing before a different judge in this case. First, remand is not necessary in this case because the trial court's sentences were not erroneous. The trial court did not abuse its discretion in declining to order a revised PSIR and the court sentenced defendant according to the governing law at the time of sentencing, which was pre-*Lockridge*. Second, the trial court's comments regarding defendant's conduct while incarcerated did not indicate bias or improper considerations. Instead, the court sentenced defendant in accord with the sentencing guidelines range and indicated that that defendant's conduct while incarcerated did not amount to a substantial and compelling reason to depart from the recommended range. Third, for disqualification to be warranted under MCR 2.003(C)(1)(a), the trial judge must be shown to be personally and actually biased or prejudiced for or against a party. *Cain v Mich Dep't of Corrections*, 451 Mich 470, 495-496; 548 NW2d 210 (1996). Defendant has failed to show that the judge in this case was actually and personally biased against defendant and there is no indication in the record that the sentences imposed were the result of any such bias or prejudice. Given these circumstances, defendant is not entitled to resentencing before a different judge. *Hill*, 221 Mich App at 398.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan