# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELMORE NICHOLS, JR.,

Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 339252
Wayne Circuit Court
LC No. 12-008776-01-FH

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted, following a bench trial, of first-degree home invasion, MCL 750.110a(2). Defendant was originally sentenced, as a fourth habitual offender, MCL 769.12, to 280 months to 60 years' imprisonment. After defendant's first appeal to this Court, we affirmed defendant's conviction but remanded for resentencing. *People v Nichols*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2014 (Docket No. 315284). After following our instructions on remand, the trial court imposed the same sentence. Defendant now appeals as of right, and we affirm but remand for the correction of the amended judgment of sentence.

## I. BACKGROUND

In his first appeal, defendant argued, as pertinent to this appeal, that he was entitled to resentencing because the trial court erroneously assessed 10 points for offense variable (OV) 13. This Court affirmed defendant's conviction, but vacated his sentence and remanded the matter for resentencing only. *Id*. at 3. We determined that the "incomplete available record" did not support the trial court's assessment of 10 points for defendant's OV 13 score, and ordered the trial court to "ascertain and articulate the crimes occurring within a period of five years, including the sentencing offense." *Id*. at 4-5. On remand, the trial court concluded that the assessment of 10 points for OV 13 was appropriate because defendant committed three offenses within a five-year period. Based on this, defendant's recommended guidelines range remained unchanged, and the trial court imposed the same sentence of 280 months to 60 years' imprisonment. On appeal, defendant does not challenge the trial court's determination concerning the assessment of points for OV 13, but raises additional issues concerning his sentence.

## II. THE PSIR

-1-

## A. STANDARD OF REVIEW

Defendant first argues that he is entitled to resentencing because the trial court did not obtain an updated PSIR before resentencing. We disagree.

An issue must be raised before and, addressed and decided by, the lower court in order to be preserved for appellate review. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant did not raise an issue concerning the PSIR at resentencing. Therefore, defendant has not preserved the issue for appellate review. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under the plain error standard, "(1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected [the defendant's] substantial rights." *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

## B. ANALYSIS

Before a person convicted of a felony is sentenced, the probation department must prepare a PSIR for the trial court's use, and "the trial court is obligated to utilize a reasonably updated [PSIR]." MCL 771.14(1); MCR 6.425(A)(1); *People v Hemphill*, 439 Mich 576, 579; 487 NW2d 152 (1992). A PSIR, which must include the information listed in MCL 771.14(2)(a)-(h) and MCR 6.425(A)(1), is necessary to ensure that the trial court imposes a punishment that is "tailored not only to the offense, but also to the offender." *People v Miles*, 454 Mich 90, 97; 559 NW2d 299 (1997), citing *People v Triplett*, 407 Mich 510, 513-515; 287 NW2d 165 (1980). The PSIR must be "reasonably updated" and include "complete, accurate, and reliable" information. *Triplett*, 407 Mich at 515. A PSIR is not "reasonably updated" if it is several years old, was prepared in connection with unrelated offenses, or "significant allegations" exist "that the defendant's circumstances [have] changed" in the meantime. *Hemphill*, 439 Mich at 580-581 (citations omitted). While a defendant may not waive the production of a PSIR at sentencing, the defendant or the prosecutor may waive the right to the preparation of a reasonably updated PSIR at *resentencing* "where each believes the previously prepared report is accurate." *Id*. at 581-582. However, this option is not available if the existing PSIR is "manifestly outdated[.]" *Id*. at 582. A PSIR is manifestly outdated if it "contain[s] information that [is] manifestly stale." *Id*.

Importantly, there is no indication that the existing PSIR in this case was not "reasonably updated[.]" *Triplett*, 407 Mich at 515. On February 27, 2013, a PSIR was prepared for defendant's March 1, 2013 sentencing for his bench-trial conviction for first-degree home invasion. Notably, on appeal, defendant, aside from generalized statements relating to his "institutional record[,]" does not assert that the PSIR contains inaccurate or incomplete information or that there had been a significant change of circumstance between sentencing and resentencing to require an updated PSIR. Moreover, at resentencing, both defendant and the prosecution had an opportunity to informally update the trial court about relevant circumstances impacting defendant's resentencing that occurred between defendant's sentencing and resentencing. While the prosecution informed the trial court regarding defendant's subsequent convictions of first-degree home invasion and related offenses following his conviction for the offense giving rise to this appeal, an update was not given on defendant's behalf indicating that

relevant circumstances had changed that would impact defendant's resentencing. Therefore, while cognizant of the length of time that elapsed between defendant's sentencing and resentencing, we are satisfied that defendant's PSIR was reasonably updated where it was prepared in connection with the same conviction, and the record does not yield any indication there were significant intervening changes in defendant's circumstances between his March 1, 2013 sentencing and his November 18, 2016 resentencing. See *Hemphill*, 439 Mich at 580-581.

Even if this Court were to accept defendant's argument that the trial court erred in not consulting an updated PSIR, defendant has not established that he incurred prejudice. Prejudice exists when the plain error affected the outcome of the lower court proceedings. *People v Borgne*, 483 Mich 178, 196; 768 NW2d 290, reh gtd in part on other grounds 485 Mich 868 (2009). Defendant's argument that he was prejudiced simply because the presentence report was not updated is insufficient to show plain error warranting reversal. Notably, as we have observed earlier in this opinion, defendant has not specified any updated information that he claims that the trial court should have been provided with before resentencing that would have impacted his sentence. Defendant also does not challenge the validity of any information in the original PSIR. In fact, the only possible change to defendant's PSIR discernable from the record was that defendant incurred an additional conviction for first-degree home invasion, which actually undermined defendant's position that points should not be assessed for OV 13. Therefore, we are not persuaded that defendant was prejudiced by the trial court's reliance on the existing PSIR. See *Borgne*, 483 Mich at 196.

## III. TRIAL COURT'S SENTENCING DISCRETION

Finally, defendant argues that the trial court abused its discretion in resentencing him. Specifically, defendant alleges that the trial court simply adopted the original sentence without independently exercising its own sentencing discretion. We disagree.

## A. STANDARD OF REVIEW

Although defendant objected to the trial court's assessment of 10 points for OV 13 at resentencing, he did not raise the issue that he is now raising on appeal, that the trial court failed to exercise its discretion by imposing the same original sentence. Therefore, this Court will review this issue for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

## B. ANALYSIS

In support of his argument that the trial court on resentencing did not properly exercise its own discretion in imposing sentence, defendant points to an isolated comment by the trial court, indicating that it would respect the decision of the predecessor judge. We recognize that, as a general matter, "[t]he failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). However, a review of the record does not support defendant's contention that the trial court on resentencing simply adopted the sentence of the predecessor judge. In defendant's first appeal, this Court instructed the trial court to "ascertain and articulate the crimes occurring within a period of five years, including the sentencing offense." *Nichols*,

unpub op at 4. When the trial court on remand determined that the assessment of 10 points was appropriate for OV 13, defendant's recommended minimum guidelines range was left undisturbed. Thus, while the trial court did ultimately impose an identical sentence, our review of the transcript of the resentencing hearing reflects that the trial court conducted an independent analysis concerning the propriety of defendant's sentence, particularly with regard to whether points ought to be assessed pursuant to OV 13. Therefore, defendant's argument that the trial court did not properly exercise its discretion in imposing defendant's sentence on resentencing is unavailing.

Finally, we note that the amended judgment of sentence contains two errors. First, it reflects that defendant was convicted by a jury, rather than following a bench trial. This is incorrect and the judgment of sentence must be corrected to reflect that defendant's conviction for first-degree home invasion, MCL 750.110a(2), followed a bench trial. Additionally, the amended judgment of sentence reflects that defendant was convicted in the present case, Case No. 12-008776-01-FH in the Wayne Circuit Court, of receiving and concealing stolen property with a value of $200 or more but less than $1,000, MCL 750.535(4)(a). Defendant was not convicted of this offense in this case[1] and the amended judgment of sentence must be updated to reflect this correction.

## IV. CONCLUSION

Defendant's sentence is affirmed. However, we remand for the "ministerial task of correcting the [amended] judgment of sentence." *People v Avant*, 235 Mich App 499, 522; 597 NW2d 864 (1999). We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

---

[1] The record reflects that defendant was convicted of this offense in Case No. 12-007351-01-FH in the Wayne Circuit Court.

-4-