*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 19, 2020

Plaintiff-Appellee,

v

Nos. 340063; 346208; 346215
Presque Isle Circuit Court

JEREMIAH ALLEN DEWEY,

LC Nos. 13-092844-FC;
13-092851-FC

Defendant-Appellant.

Before: BOONSTRA, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

In 2014, in two cases, separate juries found defendant guilty of first-degree criminal sexual conduct (CSC-I) in violation of MCL 750.520b. In lower court Case No. 13-092851-FC, the jury convicted defendant of one count of CSC-I (multiple variables), and in lower court Case No. 13-092844-FC, the jury convicted defendant of four counts of CSC-I (multiple variables, victim under age 13). At sentencing the trial court departed upward from the sentencing guidelines range and in Case No. 13-092851-FC, sentenced defendant to 13 to 25 years, and in Case No. 13-092844-FC, sentenced defendant to four concurrent terms of 22 to 40 years. Defendant appealed and in light of *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse I*), aff'd in part and rev'd in part on other grounds, 500 Mich 453; 902 NW2d 327 (2017) (*Steanhouse II*), and *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), a panel of this Court remanded for further proceedings.[1] On remand, the trial court resentenced defendant to the same sentences as his original sentences. In Docket No. 340063, this Court denied defendant's delayed application

---

[1] *People v Dewey*, unpublished per curiam opinion of the Court of Appeals, issued February 16, 2016 (Docket No. 324275), p 3, lv den 500 Mich 855 (2016). Judge RONAYNE KRAUSE would have affirmed the departure sentences and declined to remand the case. *Id.* (RONAYNE KRAUSE, P.J., concurring in part and dissenting in part), pp 1-3.

for leave to appeal,[2] but our Supreme Court remanded to this Court as on leave granted.[3] This Court consolidated defendant's appeal in Docket No. 340063 with his appeals in Docket Nos. 346208 and 346215.[4] We affirm.

## I. FACTUAL BACKGROUND

At trial, evidence established that defendant began sexually assaulting his girlfriend's approximately five-year-old daughter, BG, "almost every other day" and continued for as long as defendant resided with his girlfriend and BG in the same household. He led BG upstairs to a bedroom, shut and locked the door, then anally penetrated her with his penis on each occasion. One time he also orally penetrated her with his penis. When she turned seven years old, BG's mother sent her to live elsewhere. BG returned to live with her mother and defendant at age 13 and defendant sexually assaulted her again. After a track practice, while helping BG stretch out, defendant massaged her back, then pulled down her shorts and digitally penetrated her vagina. After declining defendant's request to repeat this on a daily basis, BG reported the years of abuse to her grandmother, a friend, her mother, and a counselor.[5]

On remand from this Court, the trial court reviewed the circumstances of the case and reiterated its reasons for the original upward departure sentences as follows:

Well, when I consider those things and the directives under *Lockridge* and *Steanhouse*, as well as considering proportionality under [*People v* ]*Milbourn*[, 435 Mich 630; 461 NW2d 1 (1990)] and [*United States v* ]*Booker*[, 543 US 220; 125 S Ct 738; 160 L Ed2d 621 (2005)], I—really, when—on this type of remand, the only thing that would make sense to me is that the Court would go higher. At the time of the initial sentencing, the guideline range was mandatory. The Court was bound by that unless it found substantial and compelling reasons to go outside the guideline range. I did at the time of initial sentencing indicate I felt there were substantial and compelling reasons to go outside the guideline range and that the guidelines did not take into consideration and account for the fact that the young girl who is the victim in this case had been previously sexually molested by the defendant when she was six years old, and then separated from the defendant while he pursued a relationship with the victim's mother. The mother and the defendant then left Washington for several years. The guideline range did not consider the fact that the defendant previously sexually abused her, abusing his authority over her, and then years later, when reunited with her, engaged in similar conduct with

---

[2] *People v Dewey*, unpublished order of the Court of Appeals, entered November 8, 2017 (Docket No. 340063).

[3] *People v Dewey*, 503 Mich 879 (2018).

[4] *People v Dewey*, unpublished order of the Court of Appeals, entered November 26, 2018 (Docket Nos. 340063, 346208, and 346215).

[5] See *Dewey*, unpublished per curiam opinion of the Court of Appeals issued February 16, 2016 (Docket No. 324275), p 1.

her. The damage is hard to fathom and calculate, I indicated at that time, and I think it is. I think to reabuse [sic] somebody after a period of time really could escalate the damage, which is already hard to fathom, and make it that much worse. I don't think the guideline range took that into consideration.

And I gave further reasons, that when you were left alone with the girl when she was very young, about six years of age, it appeared that on multiple occasions you had sex with her and infected her with an STD. I think that's an aggravating factor that needs to be considered; that the guideline range did not take into account the number of times she was violated, which was many, many, many times here, that were not factored in the guidelines. The guidelines did not accurately reflect the problems that she's now faced with, having been infected with STD, and the repeated violations of her after you're reunited after a multiple year absence. I think all those factors were not adequately considered in the guideline range, and I gave those as reasons. I think they were good reasons.

The trial court considered whether it would have sentenced defendant differently had it known the guidelines were advisory only. The trial court stated on the record multiple aggravating circumstances that it found again warranted imposing sentences outside of the calculated minimum sentence ranges under the guidelines. It declined to impose higher sentences. Regarding the proportionality of defendant's sentences under *Milbourn* and *Booker*, the trial court explained, "Considering the nature of the offense, your prior record, all the reasons I gave at the initial sentencing I think were valid, and I think they continue to be valid, and I would simply resentence you to the initial sentence of 22 to 40 years."

## II. REASONABLENESS OF DEFENDANT'S SENTENCES

Defendant argues that his sentences are neither reasonable nor proportionate. We disagree because the trial court appropriately considered and articulated factors that warranted sentences outside of the guidelines minimum sentence ranges.

We review for an abuse of discretion a trial court's sentence outside of the guidelines range for reasonableness under the principle of proportionality standard. *Steanhouse II*, 500 Mich at 476. Sentencing courts must consult the sentencing guidelines, calculate the minimum sentence range, and take the range into account when sentencing the defendant. *Lockridge*, 498 Mich at 391-392. However, trial courts are not compelled to impose a minimum sentence within the calculated range. *Id*. at 365. The sentencing guidelines are advisory only. *Id*. at 392. In *Steanhouse II*, 500 Mich at 471, our Supreme Court reaffirmed the principle of proportionality test articulated in *Milbourn*, 435 Mich 630. Under the principle of proportionality standard, a sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 636. Sentencing courts must take "into account the nature of the offense and the background of the offender." *Id*. at 651. Trial courts may impose a sentence outside of the guidelines range if they determine that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Id*. at 657. The trial court may consider whether the guidelines adequately took into account defendant's conduct and such factors as the seriousness of the offense, the relationship between the victim and the defendant, the defendant's expression of remorse, the defendant's potential for rehabilitation, or the defendant's

misconduct while in custody. *People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017) (citation omitted).

In this case, the trial court imposed its original sentences before our Supreme Court decided *Lockridge* and *Steanhouse*. On remand at defendant's resentencing hearing, the trial court adequately articulated its justification for the outside of the guidelines range from the minimum sentences and the extent they were outside of the ranges as required under the principle of proportionality standard. *Milbourn*, 435 Mich at 659-660. The trial court reiterated its reliance on factors previously found at defendant's original sentencing and appropriately articulated the numerous factors warranting outside of the minimum sentence ranges under the guidelines. In Case No. 13-092851, the minimum sentence range equaled 42 to 70 months (3.5 to approximately 5.8 years). The trial court's minimum sentence of 13 years in this case for defendant's CSC-I conviction took into account defendant's vile conduct toward a very young child. In Case No. 13-092844, the minimum sentence range equaled 135 to 225 months (11.25 to 18.75 years) and the trial court's imposition of concurrent 22-year minimum sentences for his multiple CSC-I convictions in that case exceeded the high end of the calculated range by 39 months.

The record establishes that, at the sentencing hearing following remand, the trial court adequately explained its rationale for imposing outside of the guidelines range sentences based on consideration of the offenses and the offender. The trial court did not abuse its discretion in this regard because it appropriately explained its justification for imposing the sentences considering defendant's repeated heinous crimes committed against a vulnerable victim. The trial court remarked that nothing convinced it upon further reflection of the facts of these cases that defendant's sentences should be reduced. Accordingly, it appropriately reinstated its previous sentences. The trial court's articulated reasons and the evidence supporting its rationale sufficed to explain the extent of its sentences. Accordingly, the trial court did not abuse its discretion by imposing the minimum sentences outside of the guidelines ranges in both cases.

Defendant argues that the trial court abused its discretion when it justified its departure sentences with reasons already considered by the sentencing guidelines offense variables (OV) 3 and 13. However, these arguments were explicitly waived at defendant's original sentencing when defense counsel stated, "we have no objections to the guidelines on the 13-092851-FC," and he failed to raise a challenge to OV 3 scoring in Case No. 13-092844-FC before acknowledging that there were no further challenges to the scoring. At his resentencing on remand, defendant did not raise challenges to OV scoring. Nevertheless, we will address these claims of error which we conclude lack merit for the following reasons.

OV 3 is scored for all felony offenses where physical injury to the victim has occurred. MCL 777.33. A trial court may assess 10 points where the victim suffered bodily injury requiring medical treatment, five points where medical treatment did not occur, and zero points if no physical injury occurred. *Id.* OV 13 is scored for all felony offenses where a continuing pattern of criminal behavior existed. MCL 777.43. A trial court may assess 50 points where the offense constituted part of a pattern of felonious criminal activity involving three or more sexual penetrations against a person less than 13 years of age and the sentencing offense is CSC-I. *Id.* Twenty-five points may be assessed if the offense was part of a pattern of felonious criminal activity involving three or more crimes against a person. *Id.*

The record reflects that, in Case No. 13-092851 in which the jury convicted defendant of one count of sexually assaulting BG as a teenager, the trial court assessed defendant 10 points for OV 4 (MCL 777.34) for serious psychological injury caused to BG, 10 points under OV 10 (MCL 777.40) for exploitation of a vulnerable victim, and 25 points under OV 13 for a pattern of felonious activity. The record evidence supported the trial court's assessments of points for the OVs. In Case No. 13-092844 in which the jury convicted defendant of four counts of sexually assaulting BG at around age five, the trial court assessed defendant 10 points for OV 3, 10 points for OV 4, 10 points for OV 10, 25 points for OV 11 (MCL 777.41) for criminal sexual penetration, and 50 points for OV 13. This Court previously held that the trial court properly scored OV 13 in Case No. 13-092844.[6] The record evidence supported the trial court's assessments of points for these OVs in Case No. 13-092844.

As grounds for imposing outside of guidelines sentences, the trial court properly considered defendant's relationship with the victim as a member of the household. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 662-663; 620 NW2d 19 (2000); *Steanhouse I*, 313 Mich App at 46. The trial court also considered defendant's repeated sexual abuse of BG over a lengthy period from approximately five to seven years old. The trial court also considered his resumption of sexual abuse against BG years later after she again lived in the same household with him. The record reflects that BG suffered physical injury and sought medical treatment on several occasions. BG's mother testified that, in 2005, when BG was approximately seven years old, she had herself and BG tested for sexually transmitted diseases (STDs) which resulted in the determination that both she and BG were infected with herpes simplex virus type 2 (HSV-2), which is genital herpes. She affirmed that when she gave birth to BG, medical personnel did not inform her that she or BG were infected with HSV-2. Pursuant to a warrant, defendant was tested for STDs which determined he was infected with HSV-2. The trial court could reasonably infer from the evidence that defendant transmitted the STD to BG causing her bodily injury that required medical treatment. Further, the record indicates that defendant engaged in a pattern of felonious criminal sexual activity perpetrated against BG while a young girl. We find no merit to defendant's contention that the trial court erred by assessing 10 points for OV 3 or by assessing 25 points for OV 13.

We also find no merit to defendant's argument that the trial court could not impose outside the guidelines sentences because the guidelines accounted for his conduct. The frequency and accumulated severity of defendant's sexual predation against BG and infliction of an incurable sexually transmitted disease are circumstances that are not taken into account adequately by the sentencing guidelines OVs. Defendant's infliction of sexual abuse against BG occurred when she was a very young child and then again as a teenager. The OVs related to criminal sexual penetration fail to adequately take into account the age of the victim in this case where defendant perpetrated his sexual abuse over a lengthy duration during two separate periods of BG's life. The trial court, therefore, did not abuse its discretion in this regard.

---

[6] See *Dewey*, unpublished per curiam opinion of the Court of Appeals issued February 16, 2016 (Docket No. 324275), pp 2-3.

Defendant further contends that, in Case No. 13-092844-FC, the trial court abused its discretion by imposing an outside the guidelines sentence on the ground that defendant infected BG with an STD because the fact that defendant infected BG was not conclusively proven at trial. In determining an appropriate sentence, a court may draw inferences about the defendant's behavior from the objective evidence. See *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008). Moreover, the trial court may consider the background of the offender. *Milbourn*, 435 Mich at 651. As previously described, the evidence presented at trial and information within defendant's presentencing investigation report (PSIR) supported a reasonable inference that defendant infected BG with HSV-2. That STD presently has no cure. Consequently, BG continues to live with this infection. Although OV 3 takes into account the victim's need for medical treatment, it does not differentiate between a one-time treatment and the potential for ongoing treatment over a lifetime for an STD like HSV-2, nor does OV 3 take into account the physical discomfort she will likely suffer for her lifetime because of defendant's conduct. The trial court appropriately considered the facts established by the record evidence and drew reasonable inferences from the facts that supported its assessment of points for the various OVs including OV 3 and OV 13 in both cases. The trial court, therefore, did not abuse its discretion in this regard. Considering the record as a whole, the trial court identified many valid reasons for its outside the guidelines sentences that were not adequately considered by the sentencing guidelines. Therefore, the trial court did not abuse its discretion when it determined that sentences outside the sentencing guidelines minimum sentence ranges were warranted.

## III. INFORMATION WITHIN PSIR

Defendant also argues that the trial court erred by allowing irrelevant information related to his brother's criminal history to remain within his presentence investigation report (PSIR), and therefore, that he is entitled to a remand for correction of the PSIR. We disagree.

We review for an abuse of discretion a trial court's response to a claim of inaccuracy in information contained in the PSIR. *People v Uphaus* (*On Remand*), 278 Mich App 174, 181; 748 NW2d 899 (2008). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id.* (citation omitted). At sentencing, either party may challenge the accuracy or relevancy of any information contained in the PSIR. MCL 771.14(6); MCR 6.425(E)(1)(b); *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). The information is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information. See *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). The defendant bears the initial burden but once the defendant effectively challenges the factual accuracy of information in the PSIR, the burden shifts to the prosecutor to prove the fact by a preponderance of the evidence. *Lloyd*, 284 Mich App at 705. The trial court "must allow the parties to be heard and must make a finding as to the challenge or determine that the finding is unnecessary because the court will not consider it during sentencing." *People v Waclawski*, 286 Mich App 634, 689-690; 780 NW2d 321 (2009), citing MCR 6.425(E)(2). If the court finds that challenged information is inaccurate or irrelevant, that finding must be made part of the record, and the information must be corrected or stricken from the report. MCL 771.14(6); MCR 6.425(E)(2)(a); *Lloyd*, 284 Mich App at 705. The failure to strike inaccurate or irrelevant information, however, may be deemed harmless error if the trial court expressly states on the record that the information was not considered in passing sentence. *People v Fisher*, 442 Mich 560, 567 n 4; 503 NW2d 50 (1993).

As a preliminary matter, defendant did not raise this issue during his first appeal as of right. Further, he also did not raise this issue before the sentencing court on remand. A defendant may waive the right to an updated PSIR at resentencing if he does not suggest that the report is erroneous. *People v Hemphill*, 439 Mich 576, 582; 487 NW2d 152 (1992). Accordingly, we conclude that defendant has waived this issue. We review this claim of error under the standard for unpreserved, nonconstitutional error, the plain error standard. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Under the plain error standard, defendant must show that an "(1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. (citation omitted). "Reversal is warranted only when the plain, unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Id*. (citation omitted).

Defendant does not dispute the accuracy of the information. He challenges the relevance of the information but he fails to cite authority to support his argument that a family member's criminal history should be excluded from the section of his PSIR that discussed his family background. The record indicates that defendant objected at his initial sentencing to the information, and the trial court addressed his objection and concluded that the information had relevance regarding defendant's family background. There is no indication in the record that the trial court considered the information for any other purpose. Further, nothing in the record indicates that this information influenced the trial court's sentencing decisions. Therefore, even if the trial court plainly erred by not striking the information as irrelevant, defendant has not established that such plain error affected his substantial rights. He has not established his innocence or that the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of his innocence. Accordingly, defendant is not entitled to remand for correction of the PSIR.

## IV. STANDARD 4 BRIEF

In a Standard 4 brief, defendant recites a rendition of various facts and vaguely contends that he was deprived a fair trial and due process of law for a host of reasons to which he alludes including misconduct by officers of the district and circuit courts and the prosecutor, that the trial court and prosecutor had purported but unexplained conflicts of interest, that evidence had been suppressed, and that his various counsel provided him ineffective assistance because they were only interested in being paid. Defendant states that he suffered malicious prosecution and conspiracy, jury tampering, and that the prosecution failed to present sufficient evidence of guilt. He attacks the credibility of the victim and other witnesses all of whom were cross-examined by defense counsel.

Defendant, however, failed to include a statement of questions presented within his Standard 4 brief. This Court is not required to address any issues not raised in the statement of questions presented. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000); MCR 7.212(C)(5).

Additionally, none of the issues presented within defendant's Standard 4 brief were raised before the trial court at any time or even within defendant's previous appeal by right. The record indicates that defendant has not sought relief from judgment on any of these grounds. Further, the

issues are not related to the sole issue for which this case was remanded—the reasonableness and proportionality of defendant's sentence. Moreover, in his Standard 4 brief, defendant cites no authority to support his allegations of error regarding either trial in the two cases, and we find no support for the various claims of error within the trial court records. This Court has explained that, "where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Yee v Shiawassee Co Bd of Commrs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (citation omitted). Further, we are not required to unravel and elaborate on defendant's arguments and may deem his unsupported arguments abandoned. *People v Cameron*, 319 Mich App, 215, 232; 900 NW2d 658 (2017). Because defendant has failed to support his claims of error in cogent arguments supported by legal authority, he abandoned them and we decline to address them.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Riordan
/s/ James Robert Redford